Case 4:25-cv-01997   Document 18   Filed on 12/19/25 in TXSD   Page 1 of 5
United States District Court
Southern District of Texas
**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-04842 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Ross Thomas Brantley III (TDCJ #01851307) is a state inmate currently in custody of the Texas Department of Criminal Justice ("TDCJ") at the Wynne Unit. Brantley filed a petition purportedly under 28 U.S.C. § 2241 to challenge his 2019 state conviction in Tarrant County case number 1609793R. *See* Doc. No. 1. Because he is collaterally attacking a state conviction or sentence, his petition is considered a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Brantley previously filed at least one other petition for habeas corpus to challenge this same conviction, and, therefore, his petition must be dismissed without prejudice as a successive petition.

## I.   SUCCESSIVE PETITION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs Petitioner's claims, "made it significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). Pursuant to 28 U.S.C.

§ 2244(b)(3)(A), before a second or successive application is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. This Court has no jurisdiction to consider claims in a habeas action that is "second or successive" unless authorized by the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A); *see also Crone v. Cockrell,* 324 F.3d 833, 836 (5th Cir. 2003) ("'[Section] 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one'") (quoting *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)).

"Although AEDPA does not set forth what constitutes a 'second or successive' application, [the Fifth Circuit] has held that 'a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" *Crone,* 324 F.3d at 837 (citations omitted). A subsequent petition is an abuse of the writ, and, therefore, second or successive, "when it raises a claim that was, or could have been, raised in an earlier petition." *Id.*

Court records indicate that Brantley previously filed a similar federal petition to challenge his 2019 conviction in Tarrant County cause number 1609793R. *See Brantley v. Dir., Tex. Dep't of Criminal Justice,* No. 4:23-cv-317 (N.D. Tex. Feb. 13, 2024) (dismissing the petitioner's habeas claims with prejudice). Brantley raises the same claims, or could have raised the same claims, in this petition that he asserted in his earlier petition.

Therefore, the instant petition is a successive petition subject to 28 U.S.C. § 2244(b). *Crone*, 324 F.3d at 837.

This Court is required to dismiss this petition without prejudice because there is no indication that Brantley has sought and received authorization from the Fifth Circuit to proceed with a successive petition in this Court. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that a district court lacks jurisdiction to hear a second or successive petition "contesting the same custody imposed by the same judgment of a state court" and that a petitioner asserting new claims in connection with that state court judgment must first seek authorization from the Court of Appeals before filing a second challenge).

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *Key*, 205 F.3d at 774 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Accordingly, this action is **DISMISSED** without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court with his successive petition for any new claims.

## II.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the

petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard*, 542 U.S. at 282 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Therefore, a certificate of appealability will not issue.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. This petition is **DISMISSED** without prejudice as a successive petition.

2. A certificate of appealability is **DENIED**.

3. All pending motions, if any, are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this _____ day of December 2025.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE